## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT WHEELER** | : | **CIVIL ACTION** |
| **Individually and On Behalf of** | : | |
| **All Others Similarly Situated,** | : | |
| **3004 Dovecote Drive** | : | |
| **Quakertown, PA 18951,** | : | |
| | : | |
| **Plaintiff** | : | 2012-cv- |
| | : | |
| v. | : | |
| | : | |
| **CAPITAL ONEBANK (USA), N.A.** | : | 15 U.S.C. § 1692a, *et seq.* |
| **4851 Cox Road** | : | 73 P.S. 201-1, *et seq.* |
| **Glen Allen, VA 23060** | : | N.J.S.A. 56:8-1, *et seq.* |
| | : | |
| and | : | |
| | : | |
| **CAPITAL ONE SERVICES, LLC** | : | |
| **32275 32nd Avenue South** | : | |
| **Federal Way, WA 980010** | : | |
| | : | |
| **And** | : | |
| | : | |
| **ROBERT L. BAROSKA, ESQUIRE AND:** | | |
| **NUDELMAN, KLEMM & GOLUB, P.C. :** | | |
| **425 Eagle Rock Avenue** | : | |
| **Roseland, NJ 07068** | : | |
| | : | |
| **And** | : | |
| | : | |
| **ALL COLLECTION ATTORNEYS** | : | |
| **FOR CAPITAL ONE BANK (USA),** | : | |
| **N.A.** | : | |
| **Names and Addresses Unknown** | : | |
| | : | |
| **Defendants** | : | |

## CLASS ACTION COMPLAINT IN CIVIL ACTION

### I.   INTRODUCTION

1.      Plaintiff brings this class action on behalf of himself and a nationwide class of similarly situated individuals (the "Class"), as described below.

2.      Defendants have uniformly engaged in a scheme of illegal and deceptive business practices that violate federal and state law in attempting to collect credit card debt from persons using false information and documentation, and without proper documentation sufficient to establish and substantiate the cause(s) of action attempted to be the bases for the respective collection actions and the categories of charges attempted to be imposed upon the Plaintiff and the members of the Class.

3.      This scheme is carried out by Defendants by means of centrally controlled sets of policies and practices, and the like, and is conspiratorially implemented by and among other entities and persons (co-conspirators) with form documents, form notices, and form complaints, against alleged debtors, yet with knowingly false documentation and without information necessary to justify the cause(s) of action being asserted.

4.      The scheme is carried out knowingly using false and inapplicable documentation systematically provided by Defendants attempting to foist upon the victims the imprimatur of substantiating documentary evidence.

5.      Defendants routinely and conspiratorially participate and engage in the initiation and perpetuation of attempts to collect debt from and against persons the documentation for which is knowingly false, inapplicable, or otherwise not available to substantiate the cause(s) of action asserted in attempting to collect alleged debt obligations, and the categories sought to be collected.

6.     Defendants, Robert L. Baroska, III, Esquire ("Baroska"), Nudelman, Klemm & Golub, P.C. (hereinafter cumulatively referred to as "P.C."), and all attorneys ("National Attorneys") representing Capital One Bank (USA), N.A. and Capital One Services, LLC (cumulatively referred to herein as "Capital One") on a national basis, attempt to justify the collection actions referred to them by Capital One for alleged credit card debt by filing law suits, continuing and perpetuating the law suits without proper documentation, knowingly attaching incorrect, false, and otherwise irrelevant documentation as exhibits to complaints and/or as evidence for trial with the belief that the consumer will not further question or investigate the efficacy of the complaint, exhibits, and other evidentiary documentation, and submit to payment of whatever charges are levied against the consumers.

7.     Basically, in their respective attempts to collect debts from consumers, defendants employ form contracts as supporting documentation ostensibly as the basis for the charges imposed or attempted to be imposed upon consumers being sued by Capital One for alleged credit card debt.

8.     These form contracts, referred as "Customer Agreements" or "Cardmember Agreements", or the like, are all dated, copyrighted, after the date of issuance of the subject credit cards. Thus, in the captioned matter, Plaintiff was issued a credit card in the year 2004; the Customer Agreement attempted to be used by Capital One and counsel as the contract governing the transaction is dated 2010. The 2010 Customer Agreement is **NOT** an amendment or a modification, but an original Customer Agreement.

3

9.     It is clearly impossible for an original contract dated after the date of the credit card issuance to act as the governing agreement between the parties, except as an amendment or modification of the original contract.

10.    Yet, as this Complaint will substantiate, Capital One has committed to writing and has disseminated to its national collection attorney base its instruction and authorization to all of its collection attorneys throughout the United States of America to use the false contracts as the governing contracts for credit card holder who are the subject of collection efforts.

11.    The later-dated Customer Agreement is clearly not the applicable operative agreement.

12.    Plaintiff, by his attorney, is aware that Capital One and its national attorney base requires the use of the inapplicable Customer Agreements by deliberate design and pursuant to a directive, more fully discussed below.

13.    Plaintiff alleges that this practice constitutes violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq* ("FDCPA").

14.    Plaintiff alleges that this practice constitutes violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

15.    Plaintiff alleges that this practice constitutes violation of Pennsylvania's Unfair Trade and Consumer Protection Laws 73 § 201-1, *et seq.*, and 73 P.S. § 2270.1, *et seq.*

16.    Plaintiff seeks injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not seek collection from consumers knowingly and intentionally using false documentation.

17.     Plaintiff seeks injunctive relief to prevent the continuation and recurrence of the challenged conduct, and to assure uniform standards by which Defendants will not attempt to bypass spoliation so that Defendants will provide proper documentation of an explanation as to why the proper, representative documentation is not available.

18.     Plaintiff also seeks restitution for damages, including, but not limited to, costs incurred, collections made, vacating of judgments improperly achieved, statutory damages, punitive damages, attorney's fees and costs, and whatever other relief this Court may deem appropriate.

## II.     PARTIES

19.     Plaintiff, Robert Wheeler, is an individual residing at 3004 Dovecote Drive, Quakertown, PA 18951.  Plaintiff has been sued by Capital One as discussed below.

20.     Defendant, Capital One Bank (USA), N.A. (the "Bank"), is a national credit card issuer, which its principal offices in the State of Virginia, at the address set forth in the caption hereto.  COBUSA is a federal savings bank.

21.     Defendant, Capital One Services, LLC (the "LLC"), is an affiliate of the Bank with its principal office as set forth in the caption hereto.  At all times relevant, the LLC is a servicer for the Bank.  As a servicer, the LLC is in the business of administering defaulted accounts of the Bank, one of the operations thereof is believed to be initiating and perpetuating law suits against alleged credit card debtors, the selection of attorneys for the purpose of filing law suits seeking collection of amounts purportedly owed.  The LLC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

22.     Defendant, Robert J. Baroska, III, Esquire ("Baroska"), is an attorney associated with the law firm of Defendant, Nudelman, Klemm & Golub, P.C. ("P.C."); Baroska is the signatory as attorney to the Complaint and the person who signed the verification. Baroska is acting for and on behalf of the P.C. The address therefor is as set forth in the caption. Baroska and the P.C. are each and all "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

23.     In fact, this matter is the second matter for which P.C. and Baroska have been sued by the undersigned on behalf of a client for the same scenario. *See Lynch v. Capital One Bank (USA), N.A., et seq.,* U.S.D.C., E.D. Pa., 11-cv-00992 MSG.

24.     Defendants, "All Collection Attorneys for Capital One Bank (USA), N.A.",  is intended to reference and include all attorneys throughout the United States of America who represent Capital One in collection actions for alleged credit card debt throughout the United States of America. Their names and addresses are not yet known. Each and all of the National Attorneys are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

**III.     JURISDICTION AND VENUE**

25.     Jurisdiction is conferred upon this Court pursuant to 15 U.S.C. § 1692k(d) ("FDCPA").

26.     Venue is appropriate in this district as the violations underlying this action were made in this District; all defendants but for the National Attorneys conduct business in this district.

6

## IV.    SUMMARY STATEMENT OF THE CASE

27.     This case arises from a scheme formally concocted and perpetuated by

Defendants, as described in the following scenario:

> When defendants engage in the initiation and perpetuation of credit card
> collection law suits, they attach to the Complaint false documents intended to
> represent the governing contracts by and between Capital One and its customers
> when, in fact, the attached contracts are purposely and intentionally false
> documents misrepresented as the actual Customer Agreements; the attached
> false contracts are dated after the date of any credit card issuance, and, therefore,
> cannot represent the true Customer Agreement.

28.     As a result of a directive issued by Capital One, all Defendants have been

and are, at all times relevant, aware that they have been and are utilizing false

documentation as evidentiary documentation on a national basis.

29.     In too many cases, the wronged consumers – those whom the United

States Congress has referenced as "the least sophisticated consumers" - succumb to the

perceived power and ostensible computer-accuracy of the creditors and debt collectors,

and these improperly named litigant-defendants pay and/or permit judgments to be

achieved against them.  Otherwise, these wronged consumers are forced to seek counsel

at a financial cost.

30.     These acts by defendants have violated and continue to violate federal and

state law, adversely affecting interstate commerce, and Plaintiff and the members of the

Class have suffered damages as a result.

## V.    CLASS ACTION ALLEGATIONS

31.     This case is properly maintainable as a nationwide Class action pursuant

to and in accordance with Federal Rule of Civil Procedure ("F.R.C.P."), Rule 23(a), and

28 U.S.C. 1332(d), *inter alia*:

(1)     On belief, the Class is so numerous that joinder of all members is impractical. Although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the tens of thousands.

(2)     There are substantial questions of law and fact common to the Class.

(3)     The claims of the representative Plaintiff are typical of the claims of the members of the Class.

(4)     The representative Plaintiff will fairly and adequately protect the interests of the Class under the criteria set forth in F.R.C.P. 23.

(5)     A class action under the circumstances discussed herein provides the most fair and efficient method for adjudication of the controversy under the criteria set forth in F.R.C.P. 23.

32.     This case is properly maintainable as a Class action pursuant to and in accordance with F.R.C.P. 23(b)(3).

a.     The issues of fact are common to the members of the Class, as required by Local Rule of Civil Procedure ("Local Rule") for the Eastern District of Pennsylvania, 23.1(b)(2)(D).

b.     The questions of law are common to the members of the Class, as required by Local Rule 23.1(b)(2)D).

c.     The questions of law and the questions of fact predominate for the Class over any questions of law and/or fact affecting only individual members of the Class.

d. A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class are overwhelmingly predominant.

e. As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

f. There is no reason why the litigation should not proceed in this particular forum.

g. There are no unusual difficulties foreseen to be encountered in the management of this Class action.

h. Plaintiff is aware of similar actions involving similar issues involving COBUSA, and other defendants, having been filed in the United States District Court for the Eastern District of Pennsylvania. *See* Footnote 1, below

i. The claim by Plaintiff, himself, and for and on behalf of the members of the Class, is justified as a Class action for the reason that, although the size of the Class is not specifically known, the number of Class members is substantial, believed numbering at least in the tens of thousands on a nationwide basis.

33. A Class action is superior to any other action for the fair and efficient adjudication of the controversy as the commonality of factual and legal questions for the Class is overwhelmingly predominant.

34. As the questions of law and of fact are common to the members of the Class, and considering the prospective individual damages at issue, the interests of the members of the Class will best be controlled and served by this action.

9

35.    The claims by Plaintiff, for himself and for and on behalf of the members

of the Class, are justified as a Class action for the reason that the causes of action for the

Plaintiff is the same cause of action for all of the members of the Class derived from the

following issues:

a.    Whether Defendants, in initiating and perpetuating collection law

suits, have wrongfully and/or knowingly done so regardless of the knowing lack

corroborating documents or evidence available to substantiate the claims asserted;

b.    Whether Defendants, in initiating and perpetuating collection law

suits, have wrongfully, intentionally and/or knowingly attached clearly inapplicable and

false exhibits and evidence, falsely representing that they are the applicable contracts;

c.    Whether Defendants have a uniform policy of attaching and

misrepresenting the purported contracts to the complaints as the applicable and governing

contract between the parties, which agreements bear no relationship to the respective

members of the Class;

d.    Whether Defendants have a uniform policy of presenting and

misrepresenting the purported contracts as evidence as the applicable and governing

contract between the parties, which agreements bear no relationship to the respective

members of the Class;

e.    Whether defendants conspire one with the other to proffer the

misrepresentations to the members of the Class;

f.    Whether these acts and actions are violative of the FDCPA;

g.    Whether these acts and actions are violative of New Jersey's

Consumer Protection laws;

      h      Whether these acts and actions described above are violative of the consumer protection statutes of the Commonwealth of Pennsylvania;

      i.      Whether the acts of intentionally proffering inapplicable Customer Agreements in false support of litigation claims constitutes an attempt to collect debts not authorized by contract or law;

      j.      Whether Plaintiff and the members of the Class incurred damages as a result of these violations and are Defendants liable therefor;

      k.      Whether Plaintiff and the members of the Class are entitled to injunctive relief, restitution, interest thereon, attorney's fees, punitive damages, statutory damages and other damages as a result of the improper attempts to collect credit card debt from non-liable persons?

## VI.   THE CLASS

36.      The above-named Plaintiff brings this action on behalf of himself and:

All persons who have been the subject of collection law suits brought by Defendants for which the Defendants have attached as corroborative exhibits and/or as evidence written customer agreements misrepresented by defendants as the applicable governing Customer Agreements, and misrepresented as the alleged written basis for the liability asserted by Capital One, which misrepresented documents are dated after the date of the issuance of the subject credit cards and, as such, cannot represent the applicable operative contract.

## VII.   PLAINTIFFS' FACTUAL STATEMENT

37.      In the case of the individual Plaintiff, Robert Wheeler ("Wheeler" or "Plaintiff"), Baroska and P.C. for and on behalf of defendant, Capital One, filed a Complaint against Plaintiff seeking collection of an alleged defaulted credit card debt. This complaint was filed in the Court of Common Pleas of Bucks County, Pennsylvania, docketed as *Capital One Bank (USA), N.A. v. Robert A. Wheeler,* Number 2012-07656.

*See* a true and correct copy of the Complaint, with exhibits, attached hereto and marked Exhibit "A".

38.     Rather than remove the complaint marked as Exhibit "A", Plaintiff has chosen to defend that Complaint and file this original complaint. In significant form, Exhibit "A" hereto follows the template of the *Lynch* case Amended Complaint, cited in paragraph 23, above.

39.     The Complaint in the captioned underlying action references "contract", directly or indirectly, as follows:

        a.     Paragraph 4 states: "On or about January 4, 2005, Defendant [Robert Wheeler] entered into a written agreement with Plaintiff. The signed application and the Customer Agreement are attached hereto as Exhibit "A" and incorporated into evidence." *See* the Exhibit "A" to Exhibit "A" attached hereto.

        b.     Paragraph 7 states "Pursuant to the terms of the credit card agreement, Defendant also owes interest."

        c.     Paragraph 8 states: "Plaintiff avers that Defendant breached the agreement and is in default for failing to make payments  on or about November 9, 2009. . . ";

        d.     Paragraph 15 states: "Pursuant to the terms of the Agreement, Defendant also owes interest."

        e.     Paragraph 16 states:  Plaintiff avers that Defendant breached the Agreement and is in default for failing to make payment on or about November 2, 2009.

40.     The Customer Agreement, attached to the Amended Complaint is separately attached hereto as Plaintiffs' Exhibit "B".

12

41.    The first, and introductory, paragraph of the Customer Agreement states: "**Welcome to Capital One.**® Thank you for opening a credit a Small Business Credit Card *Account* with us. This Customer Agreement ("Agreement") contains additional terms for your Capital One Small Business Credit Card."

42.    The last page of the Customer Agreement, at the bottom, states: "© 2010 Capital One". At a different place, also at the bottom of the last page is the wording "COF Customer Agreement 021".

43.    The language of the generic, form, the Complaint – clearly, a template – indicates unequivocally that the Customer Agreement is **NOT** a modification or amendment to a previously issued Customer Agreement.

44.    The Customer Agreement, itself, indicates unequivocally that it is **NOT** a modification or amendment to a previously issued Customer Agreement.

45.    The basis of the captioned matter, and the basis of several other similar cases[1], all filed with this Court, is the fact that Capital One, and its attorneys on a national basis purposely, intentionally, conspiratorially, and, most importantly, systemically and

---

[1] The following cases have been brought into the United States District Court for the Eastern District of Pennsylvania for the same basic reasons as the captioned matter; that is, the use of a false document to support the contractual allegations against credit card holders who allegedly owed money pursuant to the false contract: *Franklin v. Grimes, et al.,* 11-cv-07060 MSG (settled on an individual basis); *Equable Ascent Financial, LLC v. Craggs, et al.,* 11-cv-04057 MSG (settled on an individual basis); *Fratz, et al. v. Capital One , et al.,* 11-cv-02577 MSG (pending the Court's decisions on Motions for Summary Judgment, and a Motion for Class Certification); *Trimble, et al. v. Discover Bank, et al.,* 11-cv-01069 MSG (settled on an individual basis); *Henner, et al v. Apothaker & Associates, P.C. et al.,* 10-cv-05765 MSG (settled on an individual basis); *Elliott v. American Express, et al.,* 12-cv-03133 MAM (settled on an individual basis); *Lynch v. Capital One, et al.,* 12-cv-00992 MSG, based in FDCPA ad RICO, resulting from a case brought the by the same defendant attorneys as above-captioned (awaiting the Court's decision on outstanding 12(b)(6) motion; and *Elinich v. Discover Bank, et al.,* 12-cv-01227 MSG (awaiting a decision on Defendants' Motion to Compel Arbitration).

systematically, use false documentation to support the alleged contractual obligations asserted against individuals sued by or on behalf of Capital One in the latter's attempts to collect purported defaulted credit card debt.

46.     Thus, in the captioned matter, Plaintiff applied for and received his Capital One credit card in 2004, as exhibited by the application attached to the underlying complaint (Exhibit "A"), and despite the allegation in Defendants' paragraph 4 of Exhibit "A".

47.     However, the manifestation of that purported written agreement is presented in the form of a Customer Agreement dated 2010 for a credit card issued in 2004.

48.     On August 27, 2012, P.C., by Klemm, and Baroska, on behalf of Capital One, filed a collection law suit in the County of Bucks, Pennsylvania, docketed in the Court of Common Pleas as *Capital One Bank (USA), N.A., v. Robert Wheeler,* No. 12-07656. *See* Exhibit "A".  [Defendant, Capital One had originally filed a complaint in small claims court to which Plaintiff, Robert Wheeler, prevailed.  Capital One filed an appeal to the Bucks County Court of Common Pleas.]

49.     The Complaint is signed and verified by Defendant, Robert L. Baroska, III, Esquire, attorney for Capital One, identified by the Verification as the attorney therefor.

50.     Therefore, in an attempt to collect a debt that allegedly resulted from a credit card issued in 2004, and allegedly defaulted prior in 2009, Capital One, Baroska and P.C., attached a 2010 original (not an amendment or modification) Customer Agreement as the "governing agreement" for a 2004-issued credit card.

51.     This use of a Customer Agreement dated © 2010 is not isolated; the use of

a wrong Customer Agreement is not isolated:  The use of the wrong Customer

Agreements is intentional, willful, and universal throughout the United States, adversely

affecting interstate commerce, *inter alia*.

52.     In fact, the following illustrates that the use of the false Customer

Agreement is intentional, systemic, and systematic throughout the nation.

a.     In the *Fratz* case, cited in Footnote 1, above, the same Plaintiff's

counsel took a deposition of Barry Rosen, Esquire, for and on behalf of his law firm,

Goldman & Warshaw, P.C., attorney for COBUSA in *Fratz*[2] and defendant in *Fratz*, on

October 27, 2011, and the following testimony was provided:

> At 45-46:19-8
>
> A.     We have – there is a memo.  Now, I don't know whether –
>
>        THE WITNESS (to his counsel):  Has counsel been
>        provided that memo?
>
> A.     So, yeah, there is a memo by which we were instructed to use this
>        particular terms and conditions or user agreement, if you will, for
>        files – for accounts that were open prior to July 1, 2008, and
>        charged off after April 1, 2005.
>
> Q.     Okay.
>
> A.     This file fell into that rubric in that it was commenced prior to July
>        1, 2008 and was charged off after April 1, 2005.
>
> At 62:3-10:
>
> Q.     Sir, look at paragraph 41 of Fratz 3 [the *Fratz* Complaint cited in
>        Footnote 3, above] and read it into the record, please.

---

[2] *Fratz* involves a 2005 Customer Agreement proffered as the governing agreement for a
2002 credit card issuance.

        A.    "The evidence proffered by defendants [Goldman & Warshaw, P.C. and COBUSA] is clearly intended to represent the governing contract between the parties."

        Q.    And the answer to the complaint in GW-4 [Goldman & Warshaw's response to the Complaint.]

        A.    "Admitted."

*See* Exhibit "C", a true and correct copy of the relevant pages of the deposition of Barry Rosen, Esquire, Rule 30(b)(6) representative for Goldman & Warshaw, the *Fratz* case.

53.    *See* Exhibit "D", a true and correct copy of the "Declaration of Richard A. Napolitano" provided by Capital One's counsel in *Fratz*. The "Declaration of Richard A. Napolitano", provided by Defendant's attorney, purportedly justifying the use of the inapplicable contracts by Capital One and, therefore, by its debt collector.

54.    Because of the testimony of Barry Rosen in the *Fratz* and the Declaration of Richard A. Napolitano, also in *Fratz*, it is clearly evident that Defendants have established a universal mechanism for using customer agreements that are obviously inapplicable to the issuance of the credit cards that are the subject of collection litigation.

55.    Thus, the use of the false contracts is knowing, intentional, conspiratorial, and a fraud.

56.    The entire scheme is a lie, a fabrication to falsely facilitate collections.

57    Clearly, therefore, all Capital One counsel are told by Capital One to use generic contracts as set forth in the instructions issued by Capital One, regardless of applicability.

58. These admissions basically affirm that there is an arbitrary assignment or delegation of Customer Agreements to collection cases based **NOT** on the date of issuance of the respective credit card, but dated after the credit card date of issuance.

59. Certainly, a Customer Agreement dated after the date of the credit card issuance cannot relate in any manner to the alleged defaulted credit card, unless the agreement is a modification or amendment; there are no modifications or amendments presented by Capital One, only the inapplicable original contracts.

60. It is absolute that the Customer Agreements upon which ALL issued credit cards are based, regardless of any alleged subsequent amendments, modifications, or the like, are those issued when the credit card is issued, and, without that agreement, subsequent agreements do **NOT** correlate or relate in any manner. A 2010 Customer Agreement, by itself, particularly one not designated within the four corners of its own documents as an amendment or modification, does **NOT** govern a credit card issued in 2004.[3]

61. Clearly, the attached agreement is false and is not applicable to the account of plaintiff without specific authority for the purported new Customer Agreement which, again, does not purport to be a modification or amendment.

62. These wrongful collection activities are intended by the Defendants to secure collection from those whom the United States Congress has defined as the "least sophisticated consumer".

---

[3] In too many situations, the terms and conditions of Customer Agreements determine the rights and liabilities of customers. One significant example is the invocation of the "arbitration clauses" when the credit card issuer, or its successor, does not attain such an authority by the original Customer Agreement.

17

63.     Clearly, the language of the *Wheeler* lawsuit, a template, further exacerbates the misrepresentations by specifically referencing the 2010 Customer Agreement to the date of the credit card issuance, as discussed above.

64.     These wrongful collection activities include, but are not limited to:

        a.      Attaching as exhibits to complaints documentation knowingly not pertinent or relevant, constituting misrepresentation;

        b.      Proffering as evidence documentation knowingly not pertinent or relevant, constituting misrepresentation;

        c.      Intentionally using knowingly false documentation to attempt to effect collections by using the misrepresented documents as a foundation for the attempted collections.

65.     Plaintiff was caused to utilize the services of the undersigned attorney to exculpate Plaintiff from these wrongful collection efforts and paid a retainer of $1,500.00, which was a reasonable and necessary expenditure.

66.     Plaintiff seeks damages as requested herein arising from the false representations that charges[4] authorized by the bogus documentation do not specify the charges permitted to be imposed upon the Plaintiff and Class members by the appropriate and timely Customer Agreements issued by COBUSA at the time of the credit card issuance.

---

[4] Even if Plaintiff and the Class membership acknowledge that the charges for the actual purchases and/or cash advances are valid, other charges, such as for interest, late fees, over limit fees, attorney's fees and costs, and the like cannot be substantiated as due and owing by the Customer Agreements that are attached and imposed upon Plaintiff and the Class members.

67.     Clearly, the defendants in cases brought under the "rules of engagement" issued by Capital One, in addition to being the "least sophisticated consumers", are at a distinct disadvantage in reading the complaint templates referencing the applicable Customer Agreements correlated with the dates of credit card issuance, which just are not true.

## VIII.   COMMON CLASS ELEMENTS

68.     Plaintiff and each member of the Class have been the subject of collection efforts to collect debts for which there is no corroborative evidence in the form of a valid Customer Agreement.

69.     The law suits against Plaintiff and the members of the Class with their knowingly wrong attachments and the knowing lack of corroborative evidence constitute violations of the FDCPA.

70.     The law suits against Plaintiff and the members of the Class with their knowingly wrong attachments and the knowing lack of corroborative evidence, correlated with the systemic and systematic and conspiratorial general understanding of all defendants that these "least sophisticated consumers" will be at a significant disadvantage in defense of all of the charges attempted to be foisted upon them, constitute violations of the Pennsylvania and New Jersey Consumer Protection Statutes.

71.     These issues of fact, therefore, for all members of the Class are the same as set forth above, with minor, not substantial, variation.

72.     The questions of law governing the rights of each member of the respective Class are the same as they relate to Plaintiff, and involve the all-pervasive

issue as to the legality in law of an attempt to collect credit card debt intentionally and systematically utilizing wrong documentation therefor:

      a.     Do these acts and actions violate the FDCPA;

      b.     Do these acts and actions violate N.J.S.A. 56:8-1;

      c.     Do these acts and actions violate Pennsylvania's UTPCPL.

73.     Do these acts and actions by the various defendants constitute conspiracy.

74.     Defendants engage in a uniform scheme and course of conduct to inflate their respective profits by routinely attempting to collect and collecting credit card debt by filing law suits utilizing and intentionally misrepresenting that the wrong documentation governs the issuance of the pre-dated credit card issuance.

## IX.   CAUSES OF ACTION

### COUNT I – VIOLATION OF 15 U.S.C. § 1692a, *ET SEQ.*
### CLASS ACTION
### PLAINTIFF, *ET AL.* V. KLEMM, BAROSKA, P.C.
### NATIONAL ATTORNEYS AND CAPITAL ONE SERVICES, LLC

The averments of paragraphs one through and including seventy four above are incorporated herein by reference.

75.     Baroska, P.C. and the National Attorneys are all "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

76.     Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3). The Class members are all consumers as that term is defined by 15 U.S.C. § 1692a(3).

77.     15 U.S.C. § 1692e provides: "A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." In fact, Capital One Services, LLC, Baroska and P.C., utilizing the false Cardholder Agreements has violated:

      a.      15 U.S.C. § 1692e(2)(A):      The character, amount and legal status of the debt for which the attached agreement is a false representation of the basis for the debt;

      b.      15 U.S.C. § 1692e(2)(B):      The false representation that the attached Customer Agreements representing the basis for the amounts claimed to be due and which may be lawfully received is a violation of the FDCPA. There are false representations as Defendants knowingly have no such right contractual rights against Plaintiffs pursuant to the false Customer Agreements;

      c.      15 U.S.C. § 1692e(10):      False and deceptive means to collect or to attempt to collect these debts to the extent that the cited basis for the debt is false.

78.      15 U.S.C. § 1692f, provides: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The following conduct by Defendant evidence the violation by them of the FDCPA:

      a.      Defendant used and continues to use unfair and unconscionable means to collect or attempt to collect debts based on law suits with false documentation attached and which is being utilized to fool the consumers into believing that the false attachments are sound bases for the law suits.

      b.      15 U.S.C. § 1692f(1): The collection of any amount ... unless such amount is expressly authorized by the agreement creating the debt or permitted by law". The debts attempted to be collected and/or have been collected are not authorized or permitted by the attached false document contract.

79.      15 U.S.C. § 1692k specifically authorizes a private action to recover damages sustained because of these violations.

80.     15 U.S.C. § 1692k permits class actions.

81.     The acts and actions that are in violation of the FDCPA occurred within one year of the filing of this Complaint.

82.     The acts and actions by the "Debt Collectors" were clearly knowing and intentional.

83.     The specific acts and action by the Defendants constituting the bases for this Complaint are set forth above, and are incorporated herein by reference, correlated with the attached exhibits, for the detail of these acts and actions, including, the time, date, place author and the specificity of the false communications, misrepresentations and violations of the FDCPA of which Plaintiff complains.

84.     It is believed and therefore averred that the Defendants named above facilitated these wrongful actions for the purpose of enhancing their collections, regardless of the falsity of the attached Cardholder Agreements.

85.     A simple reasonable review of the basic documentation as to each account which is the subject of such law suits would have divulged to Defendants named above that the attached Customer Agreement was not applicable, or was otherwise not the represented original Customer Agreement.

86.     A reasonable investigation would have revealed to all of the debt collectors that the Customer Agreement was a false representation that did not cover or concern itself with the Plaintiff or his alleged debt.

87.     Because of all of the actions brought by Plaintiff's counsel, Defendants were placed in a "knowing or should have known" situation that such wrongful acts would be prosecuted for civil wrongs.

88.     Plaintiff suffered damages in the form of the respective costs to secure legal representation to respond to the underlying complaint.

89.     It is believed and therefore averred that Plaintiff and the members of the Class are entitled to recover damages as a result of the violations of the FDCPA by defendants named above in the form of compensatory damages, including, but not limited to, restitution to members of the Class who paid Defendant, statutory damages, attorney's fees and costs and interest.

90.     It is believed and therefore averred that the attachment of these fake documents and use as evidence were knowing and intentional, therefor.

91.     As such, Plaintiff and the members of the Class are entitled to treble damage and/or punitive damages as permitted by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to

A.      Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

B.      Requiring that the "Debt Collectors" Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate; and

C.      Enjoining the Defendants from conducting such violative activity in the future, and

D.      Granting such other relief as the Court may deem appropriate.

## COUNT II - UNFAIR AND DECEPTIVE TRADE PRACTICES
## PLAINTIFF V. DEFENDANTS

The averments of paragraphs one through and including ninety-one above are incorporated herein by reference as if set forth herein at length.

92.    Defendants have advertised, offered for sale or distribution their respective products and services.

93.    Defendants have engaged in unfair and/or deceptive acts and trade practices, unfair methods of competition, and have practiced other unfair or deceptive acts or practices directly or indirectly adversely affecting the members of the Class, as described above.

94.    The acts and practices include, but are not limited to:

a.    Knowingly making false and misleading representations of fact, in writing;

b.    Knowingly misrepresenting that the attached Customer Agreements govern the basis of the law suits and the legal relationship between the parties;

c.    Utilizing false and misleading characterizations for the amount claims to be due, intending to mislead the consumer;

d.    Taking any action that cannot legally be taken or justified;

e    Otherwise engaging in other fraudulent conduct "which creates a likelihood of confusion or of misunderstanding";

f.    Engaging in any other conduct deemed to constitute unfair trade practices, unfair methods of competition, or other unfair or deceptive acts or practices.

95.    The facts constituting the basis for these unfair trade practices are as set forth above, and the attached exhibits.  Defendants have engaged in other activity further exacerbating its participation in unfair trade practices.

96.     These unfair trade practices in which Defendants have participated are all intertwined with the factors constituting misrepresentation:

a.     By acts, Defendants have made representations of a material nature that Defendants knew (or should have known) were misrepresentations.  These misrepresentations were made to Plaintiff and the members of the Class.

b.     These misrepresentations were made with the intent to cause Plaintiff to reasonably rely to his detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, paying sums of money for legal representation, and/or paying sums of money to pay for the debt Defendants claim Plaintiff owes misrepresenting the legal basis therefor;

c.     Filing law suits with the knowledge that corroborative evidence was false.

d.     These misrepresentations were made with the intent to cause Plaintiff, *et al.*, to reasonably rely to their detriment, which occurred, causing Plaintiff to suffer damage, including, but not limited to, attorney fees to contest the complaints.

e.     Because of Defendants' misrepresentations and Plaintiff's reasonable reliance thereon, Plaintiff suffered damages, including the necessary legal representation.

f.     The representations made by Defendants were false, constituting misrepresentations.

g.     These misrepresentations were manifested by mischaracterizations in writings.

h.     Plaintiff reasonably relied upon these misrepresentations to their detriment.

      i.     As a result of this reliance, Plaintiff has suffered additional damage, including the payment of attorney's fees.

      97.    At all times relevant, Plaintiff was a purchaser of the credit card services offered by Capital One.

      98.    It is believed and therefore averred that the misrepresentations were intentional, or at least so recklessly made as to constitute intentional fraudulent statements.

      99.    Defendants have, therefore, engaged in unfair trade practices to consumers. As such, Defendants are in violation of or has violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq.*, and 73 P.S. § 2270.4(b)(5) ( and 73 P.S. § 2270.5), and the consumer statutes of other states.

      100.    73 P.S. § 201-2(4) defines as an "unfair method of competition and/or an "unfair or deceptive act", at sub-section (xxi): "Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."

      101.    The acts and action by defendants constitute such an unfair method of competition and a deceptive and unfair act.

      102.    73 P.S. § 201-9.2 provides for a private action with compensatory and statutory damages, to which Plaintiff is entitled.

      103.    73 P.S. § 2270.4 assets that unfair and/or deceptive practices include:

      a.     73 P.S. § 2270.4(a): It is a violation of Pennsylvania's Unfair Trade Practices statute to have violated the FDCPA by a "debt collector";

      b.     73 P.S. § 2270.4(b)(5) provides: "A creditor may not use any false, deceptive or misleading representation or means in connection with the collection of any debt."

c.      73 P.S. § 2270.4(b)(6) provides: "A creditor may not use unfair or unconscionable means to collect or attempt to collect any debt."

d.      73 P.S. 2270.4(b)(6)(i) provides: " (i) The collection of any amount, including any interest, fee, charge or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

104.    Defendants have, therefore, engaged in misrepresentation and fraudulent misrepresentation, and deceptive conduct, causing Plaintiff to suffer damages as provided by statute.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to compensatory damages, statutory damages, treble damages, punitive damages, attorney's fees and costs, interest and such other relief as the Court may deem appropriate.

### COUNT III: VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT 56:8-1, *ET SEQ.* CLASS ACTION PLAINTIFF V. DEFENDANTS

The averments of paragraphs one through and including one hundred and four above are incorporated herein by reference.

105.    P.C. and the Attorney Defendants have, as their main office, the New Jersey office cited in the caption hereto.

106.    At all times relevant, P.C. and Attorney Defendants are and have been subject to the laws of the State of New Jersey.

107.    At all times, Capital One has been subject to the laws of the State of New Jersey as Capital One does business in New Jersey and invokes the use of New Jersey

27

collection counsel to do their bidding.

108.    Capital One has opted to go into New Jersey to utilize New Jersey-based collection counsel to achieve collections for Capital One not only in New Jersey, but extra-territorially.

109.    P.C. operates in three states (New Jersey, New York and Pennsylvania) on behalf of its clientele, and its principal office is in New Jersey.

110.    The conduct of Defendants is and has been unconscionable and deceptive in violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, *et seq.*

111.    The conduct of Defendants involves the misrepresentative knowing use of incorrect and false agreements in litigation in lieu of the proper governing contracts, correlated with the absolute lack of any explanation therefor.

112.    This conduct, constituting unfair trade practices and consumer fraud, includes, but is not limited to:

(a)    Making false or misleading statements of fact, by silence or otherwise, in writing and otherwise;

(b)    Knowingly misrepresenting that the documents attached and that are the basis of this Complaint are the actual governing Agreements by and between Plaintiff, the members of the Class and Capital One;

(c)    Utilizing these documents with the knowledge that the proper governing Agreements have been destroyed and/or are otherwise unavailable;

(d)    Imposing or attempting to impose collection upon the members of the Class without contractual basis therefor, when, in fact, an inapplicable Agreement is knowingly used to support the charges sought to be imposed;

28

        (e)     Utilizing false and misleading characterizations for the amounts claimed to be due for such charges, vis-à-vis the inappropriate documentation, intended to mislead the consumer;

        (f)     Otherwise engaging in conduct deemed to constitute unfair trade practices, unfair methods of competition, and other unfair or deceptive acts and practices;

        (g)     Acting, using, and employing unconscionable commercial practices, deceptions, fraud, false pretenses, and misrepresentations with Defendants' knowing concealment, suppression and omission of material facts;

        (h)     Attempting to collect and collecting charges not authorized by contract;

        (i)     Attempting to collect and collecting charges not authorized by law or contract.

114.    As a result of the unconscionable and deceptive actions taken by the Defendants, Plaintiff and each member of the Class has suffered certain losses, thereby entitling them to an award and treble damages and attorney's fees.

WHEREFORE, Plaintiff prays this Honorable Court grant appropriate damages, including, but not limited to

        A.     Certifying the Class described, and appointing Plaintiff as representative of the Class, and the undersigned as Class counsel;

        B.     Requiring that the Defendants pay compensatory damages, restitution, statutory damages, attorney's fees and experts' fees, and punitive damages as appropriate; and

        C.     Enjoining the Defendants from conducting such violative activity

in the future, and

        D.    Granting such other relief as the Court may deem appropriate.

attorney's fees and costs and such other relief as this Honorable Court deems appropriate.

## COUNT IV – CONSPIRACY
## PLAINTIFF V. DEFENDANTS

     The averments of paragraphs one through and including one hundred and fourteen above are incorporated herein by reference as if set forth herein at length.

     115.    "The law of civil **conspiracy** is generally the same in every state in which it is recognized, although the fundamental elements of each state's law sometimes are phrased differently." *In re: Orthopedic Bone Screw Products Liability Litigation,* 1996 U.S. Dist. LEXIS 12434, *18 (E.D. Pa. 1996).

     116.    Defendants (Capital One, Baroska, P.C., the National Attorneys) have "combined or entered into an agreement to commit an unlawful act or to do an otherwise lawful act by unlawful means." *In r: Orthopedic* at *19.

     116.    All defendants knew of the parameters of the instruction to utilize the false documentation, and all of the Defendants knew, or clearly should have known, that the attachments were false representations and, if not only by their own required due diligence, the content and context of the instruction to use the false documents, but the fact that the issue has been brought to their attention by extensive litigation.

     117.    Defendants admittedly know that such the contracts were false representations; thus defendants "admit knowledge of the falsity, which is the **definition** of actual **malice**. Of course, such an admission easily satisfies the clear and convincing requirement for actual malice." *See Greenbelt Cooperative Publishing Association, Inc. v. Bresler,* 398 U.S. 6, 26 L. Ed. 2d 6, 90 S. Ct. 1537 (1970) as cited by

*Sprague v. American Bar Association, et al.,* 2003 U.S. Dist. LEXIS 15518, *25 (Yohn, J. E.D. Pa. 2003).

118.   There is no question or doubt that the use of the false documentation set forth above was pursuant to an agreement by and between all defendants.

WHEREFORE, Plaintiff asks this Honorable Court to find the Defendants as having conspired one with the others and grant such relief and damages and sanctions as are permitted by law.

Respectfully submitted:

Stuart A. Eisenberg
Carol B. McCullough
MCCULLOUGH EISENBERG, LLC
65 West Street Road, A-105
Warminster, PA 18974
Tel.  1-215-957-6411
Fax.  1-215-957-9140
mlawoffice@aol.com

Attorneys for Plaintiff
October 12, 2012