IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT WHEELER,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA), N.A., CAPITAL ONE SERVICES, LLC, ROBERT L. BAROSKA and NUDELMAN, KLEMM AND GOLUB, P.C.,<br><br>    Defendants. | Civil Action No. 12-5848-MSG |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
CAPITAL ONE BANK (USA), N.A. AND CAPITAL ONE
SERVICES, LLC'S MOTION TO DISMISS THE COMPLAINT**

Defendants Capital One Bank (USA), N.A. ("Capital One Bank") and Capital One Services, LLC ("Capital One Services"), respectfully submit this memorandum of law in support of their motion to dismiss the complaint and state as follows:

### I. INTRODUCTION

Capital One Bank commenced a collection lawsuit against Plaintiff in Pennsylvania state court related to a credit card account held by Plaintiff. In addition to defending against the collection lawsuit, Plaintiff commenced this action in which he alleges that Capital One Bank and its collection law firm engaged in a civil conspiracy and violated the Fair Debt Collection Practices Act ("FDCPA"), the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), and the New Jersey Consumer Fraud Act ("NJCFA").

The *sole* basis for Plaintiff's claims is that the customer agreement submitted by Capital One Bank in the collection lawsuit bears a copyright date after the date Plaintiff opened his credit card account. Based on the copyright date on the customer agreement, Plaintiff claims that Capital One Bank and its outside law firm submitted a false contract in the collection lawsuit.

Plaintiff's civil conspiracy claim is deficiently pled.  Plaintiff does not identify any *agreement* among the defendants to submit false contracts in collection lawsuits.  Plaintiff does not identify a single conversation, discussion or meeting between the defendants during which the alleged scheme to submit false contracts was agreed to.  Plaintiff's conspiracy claim is also barred by the intracorporate conspiracy doctrine which states that a company cannot conspire with its agents, including its outside legal counsel.

Plaintiff fails to state a claim for violation of the FDCPA against the Capital One defendants.  Initially, Plaintiff is not pursuing an FDCPA claim against Capital One Bank.  While the complaint purports to state an FDCPA claim against Capital One Services, Plaintiff does not identify any debt collection activity on the part of Capital One Services.  In addition, the allegations of the complaint establish that Capital One Services is a not a "debt collector" because it was both the servicer of the account at issue and an affiliate of the creditor, Capital One Bank.

Plaintiff's UTPCPL claim should also be dismissed.  First, the documents attached to the complaint establish that the underlying Capital One account was a small business account.  As such, Plaintiff's claim does not involve a transaction "primarily for personal, family or household purposes" as required to state a claim under the UTPCPL.  Second, Plaintiff did not rely on Capital One's alleged misrepresentation in the collection lawsuit regarding the correct contract and therefore he cannot pursue a claim under the UTPCPL.

Finally, Plaintiff's claim under the NJCFA fails because Plaintiff is not a New Jersey resident and his alleged injury occurred solely within Pennsylvania where the underlying collection lawsuit was filed.

As set forth more fully below, the complaint fails to state a claim against Capital One for civil conspiracy or violation of the FDCPA, the UTPCPL or the NJCFA.  As such, the complaint should be dismissed in its entirety as against Capital One.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint.  *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010).  The court is not required to accept legal conclusions alleged in the complaint.  *Id.*

In order to withstand a motion to dismiss, a complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, n.3 (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (citation omitted).  Ultimately, the complaint must contain sufficient factual allegations so as to state a facially plausible claim for relief.  *Mayer*, 605 F.3d at 230.  A claim possesses such plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

## III. ARGUMENT

**A.    Plaintiff Fails to State a Claim for Civil Conspiracy.**

To state a claim for civil conspiracy under Pennsylvania law, the following elements are required: "(1) a combination of two or more persons acting with the common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damages."  *General Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 313 (3d Cir. 2003).  The principal element of a

civil conspiracy is "an agreement between the parties to inflict a wrong or injury upon another." *Kliesh v. Select Portfolio Servicing, Inc.*, 2012 U.S. Dist. LEXIS 90651, at *25 (E.D. Pa. 2012) ("The plaintiff must allege facts allowing an inference of combination, agreement or understanding among all or between any defendants to violate the plaintiff's rights.").

Here, Plaintiff has not alleged a valid claim for civil conspiracy as Plaintiff fails to allege the required agreement by the defendants to commit the alleged unlawful acts.  Plaintiff's claim for civil conspiracy is also barred by the intracorporate conspiracy doctrine which holds that a company cannot conspire with its employees and agents, including its outside legal counsel.

        1.        **Plaintiff Fails to Allege Facts to Establish the Necessary Agreement of the Alleged Co-Conspirators.**

The Third Circuit has repeatedly held that a plaintiff is required more than conclusory allegations in support of a conspiracy claim.  *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176-179 (3d Cir. 2010).  Conclusory allegations and recitations of the elements of a cause of action do not state a valid claim.  *Id*. at 177.  Rather, a plaintiff must allege "facts suggestive of the proscribed conduct."  *Id*.  Specific to conspiracy claims, a plaintiff allege "enough factual matter (taken as true) to suggest that a [conspiratorial] agreement was made."  *Id*. at 178.

This standard is not satisfied by Plaintiff.  The complaint is devoid of any factual allegations reflecting any agreement between Capital One and its outside law firms to engage in the alleged scheme to submit incorrect contracts in collection lawsuits.  *See* Complaint at ¶¶ 115-118.

Notably absent are factual allegations reflecting an *agreement* among the Defendants to participate in a scheme to defraud Plaintiff.  For example, there is no allegation of any meeting, conversation or discussion between the Defendants during which the alleged scheme was

4

discussed or agreed to.  The absence of such allegations is particularly significant given the otherwise routine nature of the communications described in the complaint (*i.e.*, communications between a client and outside counsel regarding pending lawsuits).

The allegations of the complaint suggest that Capital One Bank directed its outside attorneys to use certain customer agreements in collection lawsuits involving a certain category of accounts.  Plaintiff claims that this directive was set forth in a writing issued by Capital One Bank to its outside law firms.  *See* Complaint at ¶ 10 (alleging Capital One "committed to writing and has disseminated . . . its instruction and authorization to all of their collection attorneys throughout the United States of America to use the false contracts as the governing contracts for credit card holders who are or have been the subject of collection efforts."). Plaintiff, however, does not identify any discussions between Capital One Bank and its law firms which led to the creation of that writing and Plaintiff does not allege that the writing was the result of collective and concerted activity among the Defendants.

The complaint consists solely of broad conclusory statements lacking any factual detail from which a conspiratorial agreement could be inferred.  For example, Plaintiff alleges "Defendants (Capital One, Baroska, P.C., the National Attorneys) have 'combined or entered into an agreement to commit an unlawful act or to do an otherwise lawful act by unlawful means.' *In re: Orthopedic* at *19."  *See* Complaint at ¶ 116.

Similar conclusory allegations of conspiracy have been held insufficient to state a valid cause of action in the absence of factual allegations reflecting an agreement by the Defendants to participate in an unlawful scheme.  *See Great Western Mining*, 615 F.3d at 178-79 (addressing district court's denial of leave to amend to allege conspiracy claim).

In *Great Western Mining*, the plaintiff lost a prior state court action. The plaintiff then commenced a lawsuit in federal court alleging that its state court loss was caused by a conspiracy between the defendants and members of the state court judiciary. The plaintiff alleged that the judicial officers exchanged favorable rulings for future employment as arbitrators with an alternative dispute resolution provider. *Id*. at 161.

In support of its claims, the plaintiff alleged the defendants engaged in "concerted action of a kind not likely to occur in the absence of an agreement." *Id*. at 178. The plaintiff identified three facts in support of its conspiracy claim, including: 1) a statement by one defendant that state judges would not rule against one of the defendants given his relationship to the court system; 2) an allegation that the ADR provider at issue had a large roster of former judges and paid them handsomely; and 3) a statement that judges who had ruled against the plaintiff had approached the ADR provider about employment after they left the bench. *Id*.

The Third Circuit found these allegations to be insufficient on the central issue of whether an *agreement* was reached to exchange court rulings for employment with the ADR provider. Notably absent were any "allegations that [defendants] did or said something to the judges to create an understanding that favorable rulings could result in future employment." *Id*. at 178-79. Ultimately, the Court was convinced that the plaintiff had not "pleaded any facts that plausibly suggest a meeting of the minds between [defendant] and members of the Pennsylvania judiciary." *Id*. at 179.

In this case, Plaintiff would have the Court speculate as to the existence of a nationwide scheme involving a major credit card company and every law firms that it uses to prosecute collection activities. That scheme, by Plaintiff's characterization, involves the knowing submission of false documents to courts across the country. The Capital One defendants

6

respectfully suggest that such a scheme is implausible given the lack of a single factual allegation reflecting any discussion, much less an agreement, between Capital One Bank and its outside law firms to engage in such a scheme.

### 2. Plaintiff's Civil Conspiracy Claim Is Barred by the Intracorporate Conspiracy Doctrine.

Pennsylvania state and federal courts have long recognized the intracorporate conspiracy doctrine. That doctrine holds that a corporation cannot conspire with its own employees and agents. *See e.g., Grose v. Proctor & Gamble Paper Products*, 866 A.2d 437, 440 (Pa. Super. 2005) (holding that "a single entity cannot conspire with itself, and similarly, agents of a single entity cannot conspire among themselves").

This doctrine has been applied to cases involving alleged conspiracies between corporate entities and their outside legal counsel. *See Heffernan v. Hunter*, 189 F.3d 405 (3d Cir. 1999); *Evans v. Chichester School District*, 533 F.Supp.2d 523, 529 (E.D. Pa. 2008) ("In the Third Circuit, the intracorporate conspiracy doctrine bans claims against attorneys based on conspiracies formed in the attorney-client context."). More specifically, courts have repeatedly held that a corporation cannot conspire with its outside attorneys who are operating within the scope of their legal representation of the corporation. *Heffernan*, 189 F.3d at 413; *Evans*, 533 F.Supp.2d at 529 ("When an attorney's alleged conspiratorial conduct occurs within the scope of representation, the conduct cannot be characterized as an actionable conspiracy.").

In this case, Plaintiff's conspiracy claim involves dealings between a company and its outside legal counsel regarding matters within the scope of representation. The outside law firms were retained to represent Capital One Bank in collection lawsuits. The alleged conspiracy involves the submission of false contracts in those collection lawsuits. As such, the core

allegation of Plaintiff's conspiracy claim relates to a matter within the law firms' scope of representation.

The fact that Plaintiff alleges the law firms' conduct was fraudulent does not remove the case from the intracorporate conspiracy doctrine. The Third Circuit has repeatedly noted that attorney conduct that arguable violates the canons of ethics or is otherwise inappropriate does not render the intracorporate conspiracy doctrine inapplicable. *See Heffernan*, 189 F.3d at 413 ("Attorneys might use unethical tactics in representing clients and yet remain squarely within the scope of their agency."); *General Refractories*, 337 F.3d at 314 ("Moreover, the fact that the attorney appellees may have acted in bad faith or with the illegitimate purpose of abusing process in mind, does not, in itself, bring their actions outside the scope of the attorney-client relationship.").

Plaintiff's civil conspiracy claim is based on dealings between Capital One Bank and its outside law firms related to matters within those law firms' scope of legal representation. As such, the civil conspiracy claim is barred by the intracorporate conspiracy doctrine.

**B.      Plaintiff Fails to State a Claim for Violation of the Fair Debt Collection Practices Act.**

In Count One of the complaint, Plaintiff purports to assert a claim for violation of the FDCPA against Capital One Services. *See* Complaint at ¶¶ 75-91. The complaint fails to state a valid FDCPA claim against Capital One Services for three reasons.

**1.      Plaintiff's FDCPA Claim Fails Because Plaintiff Alleges Capital One Services is the Servicer of the Account at Issue.**

Plaintiff cannot establish a valid FDCPA claim against Capital One Services because the allegations of the complaint establish Capital One Services was the servicer of the account at issue and not a debt collector.

It is well-established that the FDCPA applies only to "debt collectors." *See Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). A company that services an account is not a debt collector unless the debt being serviced was in default at the time the servicer obtained the debt. *See Taggert v. Wells Fargo Home Mortgage, Inc.*, 2010 U.S. Dist. LEXIS 102747, at *35 (E.D. Pa. 2010); *Bolick v. DFS Services LLC*, 2011 U.S. Dist. LEXIS 106181, at *9-10 (E.D. Pa. 2011) ("Under the FDCPA, a loan servicer, someone who services but does not own the debt, is not a 'debt collector' under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it.").

The complaint identifies Capital One Servicer as the servicer of the account at issue. *See* Complaint at ¶ 21. Plaintiff does not allege that the account was in default at the time Capital One Services began servicing the account. Rather, Plaintiff alleges that Capital One Services has been a servicer for Capital One Bank "at all times relevant." *Id*.

The allegations of the complaint fail to establish that Capital One Services is a debt collector and therefore the complaint fails to state a valid claim for violation of the FDCPA against Capital One Services.

### 2. Plaintiff's FDCPA Claim Fails Because Plaintiff Alleges Capital One Services is an Affiliate of the Creditor, Capital One Bank.

Plaintiff's FDCPA claim against Capital One Services is legally insufficient because Capital One Services is an affiliate of the creditor, Capital One Bank.

The FDCPA provides that the term "debt collector" does not include a person acting as a debt collector for another person if: 1) the two persons are related by common ownership or affiliated by corporate control; 2) the person acting as a debt collector does so only for persons to whom it is related or affiliated; and 3) the person acting as a debt collector's principal business is not the collection of debt. *See* 15 U.S.C. § 1692a(6).

9

Plaintiff does not allege that Capital One Services collects debts for persons to whom it is not related or affiliated or that Capital One Services' principal business is the collection of debt. *See* Complaint at ¶ 21 (indicating that Capital One Services is in the business of administering defaulted accounts of Capital One Bank and that one of its operations is initiating collection lawsuits).

Plaintiff's allegations establish that Capital One Services is an affiliate of the original creditor, Capital One Bank.  *See* Complaint at ¶ 21.  As such, Capital One Services is not a debt collector for purposes of the FDCPA and Plaintiff cannot state a viable FDCPA claim against Capital One Services.  *See Jarzyna v. Home Properties, L.P.*, 763 F.Supp.2d 742 (E.D. Pa. 2011) (dismissing FDCPA claim against defendant under the corporate affiliate exemption where plaintiff alleged that the defendant was attempting to collect debts for its corporate affiliate and plaintiff did not plead facts indicating that the exemption did not apply); *Schuh v. Druckman & Sinel, LLP*, 602 F.Supp.2d 454, 463 (S.D.N.Y. 2009) (granting motion to dismiss filed by affiliate of creditor where "complaint does not allege facts showing that HSBC MS has the principal business of collecting debts or that it collects for some non-HSBC entity").

### 3. Plaintiff Identifies No Impermissible Debt Collection Activity on the Part of Capital One Services.

Assuming, *arguendo*, that Capital One Services is a debt collector despite its status as a servicer of the account and as an affiliate of the creditor, the FDCPA claim still fails because Plaintiff does not identify any debt collection activity by Capital One Services.

Count One of the complaint purports to state a claim for violation of the FDCPA.  *See* Complaint at ¶¶ 75-91.  Count One, however, does not contain any factual allegations directed against Capital One Services.  That count conclusively asserts that Capital One Services "utilizing the false Cardholder Agreements has violated" certain provisions of the FDCPA.  *See*

10

Complaint at ¶ 77 (alleging false representation of character or amount of debt, false representation that customer agreement represented basis for amounts due and use of false and deceptive means to collect debt).

The complaint, however, does not contain any factual allegations to support this bald legal conclusion.  For example, Plaintiff identifies no representation or communication made by Capital One Services to him regarding the debt.  Likewise, there is no allegation that Capital One Services was a party to the collection lawsuit.  A review of the state court complaint shows that the collection lawsuit was commenced solely in the name of Capital One Bank.  *See* Complaint at Exhibit A.  Ultimately, the complaint does not contain any factual allegations showing that Capital One Services had any role in the collection lawsuit on which Plaintiff's claims are based.

The complaint therefore fails to allege facts sufficient to state a claim against Capital One Services for violation of the FDCPA.

**C.    Plaintiff Fails to State a Claim for Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law.**

A violation of the UTPCPL occurs whenever a person engages in "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" *Leary v. State Farm Fire & Cas. Co.*, 2012 U.S. Dist. LEXIS 23898 at *13 (W.D. Pa. 2012); 73 P.S. § 201-9.2.  In addition to showing that a defendant engaged in unlawful conduct, the plaintiff must demonstrate that: "(1) he or she qualifies as a purchaser or lessee; (2) the transaction at issue involved goods or services; (3) the goods or services were purchased or leased primarily for personal, family or household purposes; (4) he or she suffered an ascertainable loss of money or property; and (5) the ascertainable loss occurred as a result of the defendant's unlawful conduct." *Leary*, 2012 U.S. Dist. LEXIS 23898 at *13 (internal citations omitted).

1.   **Plaintiff's Credit Card Account Was Not Primarily for Personal, Family or Household Purposes.**

There is no allegation in the complaint to establish the essential element of a UPTCPL claim that the transactions at issue be "primarily for personal, family or household purposes." The documents attached to the complaint establish that Plaintiff's credit card account was a small business account related to Plaintiff's heating, ventilation and air conditioning business.  *See* Docket No. 1-2 at p. 14.

The transactions at issue were not "primarily for personal, family or household purposes" and Plaintiff has failed to state a valid claim for violation of the UTPCPL.  *See Lockwood v. Automotive Finance Corp.*, 2005 U.S. Dist. LEXIS 35897, at *13-14 (W.D. Pa. 2005) (dismissing claim for violation of the UTPCPL where financing provided by Defendant used to purchase inventory for used car dealership).

2.   **Plaintiff Has Not Alleged Reliance on Capital One's Alleged Misrepresentation.**

Both the Pennsylvania Supreme Court and the Third Circuit require a plaintiff to demonstrate both justifiable reliance and causation to state a claim under the UTPCPL.  *Hunt v. United States Tobacco Co.*, 538 F.3d 217, 221-2 (3d Cir. 2008); *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 438-9 (Pa. 2004).  Stated another way, it is not enough to show that the defendant's conduct caused the plaintiff's injury; the injury must be caused by plaintiff's justifiable reliance on the defendant's conduct or misrepresentation.  *Stewart v. First Choice Financial, Inc.*, 2011 U.S. Dist. LEXIS 74752, at *8 (M.D. Pa. 2011).

Plaintiff cannot demonstrate the required reliance or causation.  While Plaintiff makes the conclusory statement that he reasonably relied on Defendants' misrepresentations (Complaint at ¶ 96(e)), his allegations establish he did not rely on any statement made by any Capital One regarding the controlling contract.

Simply put, Plaintiff does not identify a single action that he took in reliance on Capital One's statement as to the controlling contract. In fact, Plaintiff repeatedly notes that he is defending the collection lawsuit based on his belief that the contract provided by Capital One is not the controlling contract. To begin with, Plaintiff claims that it is "clearly impossible" for a contract dated after the date of credit card issuance to be the controlling agreement. *See* Complaint at ¶ 9. Plaintiff further alleges that the "later-dated Customer Agreement is *clearly not* the applicable operative agreement." *Id*. at ¶ 10 (emphasis added). Given these allegations, Plaintiff did not believe Capital One's alleged representations as to the controlling contract to be true and he did not rely on those representations to his detriment. *See Walter v. Palisades Collection, LLC*, 480 F.Supp.2d 797, 808 (E.D. Pa. 2007) ("there can be no misrepresentation if the plaintiff knows the representation to be false").

The absence of reliance is also demonstrated by Plaintiff's ongoing defense against the collection lawsuit. *See* Complaint at ¶ 38 ("Rather than remove the complaint marked as 'Exhibit A', Plaintiff has chosen to defend that Complaint…"). In fact, Plaintiff notes that the pending collection action in the Court of Common Pleas of Bucks County is an appeal from a small claims court proceeding in which Plaintiff prevailed. *Id*. at ¶ 48.

In *Walter*, the plaintiffs sued under RICO, the FDCPA, and the UTPCPL, claiming that they had been wrongly sued by collection agencies and their attorneys in an attempt to collect debt incurred by plaintiffs' spouses. *Id*. The court found that the plaintiffs could not demonstrate reliance, because, rather than paying the debt claimed due, the plaintiffs defended against the collection lawsuit. On the issue of reliance, the *Walter* court noted:

> If Plaintiffs paid the debt after falsely being told by Defendants that they were liable on it, Plaintiffs would be able to demonstrate reliance. Plaintiffs' course of action, though, is the opposite of reliance; it's defiance. After being (falsely) told

they were liable on the debt, they hired lawyers and fought (and won) the lawsuits.

*Walter*, 480 F.Supp.2d at 806.

Here, Plaintiff did not pay the debt alleged in the collection lawsuit and has not taken any other action in reliance on Capital One's alleged misrepresentations. Plaintiff's initial and ongoing defense of the collection lawsuit does not demonstrate his reliance on Capital One's alleges misrepresentations, but rather his "defiance." *Walther*, 480 F.Supp.2d at 806.

In short, Plaintiff's claim for violation of the UTPCPL should be dismissed because he has failed to allege any facts that support the reliance element of that claim.

**D.     Plaintiff Fails to State a Claim for Violation of the New Jersey Consumer Fraud Act.**

Count Three of the complaint purports to state a claim against Capital One for violation of the New Jersey Consumer Fraud Act ("NJCFA"). *See* Complaint at ¶¶ 105-114. Plaintiff alleges that the law firm that represents Capital One in the collection lawsuit has its main office in New Jersey. *Id*. at ¶ 105. Plaintiff further alleges that the collection law firm and Capital One are subject to the laws of New Jersey as those companies do business in New Jersey. *Id*. at ¶¶ 106-107. Plaintiff alleges that Capital One has opted to utilize a New Jersey based collections attorney who performs work outside New Jersey, including in Pennsylvania. *Id*. at ¶ 108.

Plaintiff's claim under the NJCFA must be dismissed as that law is not applicable to Plaintiff's claims as those claims lack a sufficient nexus to New Jersey. Courts have repeatedly held that whether the NJCFA applies depends on where the transaction at issue took place as opposed to the residence of the defendant. *See Cooper v. Samsung Electronics America, Inc.*, 374 Fed. Appx. 250, 255 (3d Cir. 2010) (plaintiff from Arizona could not sue under the NJCFA despite defendant being headquartered in New Jersey where the product at issue was marketed,

14

purchased and used in Arizona); *Agostino v. Quest Diagnostics, Inc.*, 256 F.R.D. 437, 461-62 (D.N.J. 2009).

In reaching this conclusion, courts rely on New Jersey's choice of law provisions which call for the application of the law of the state with the most significant relationship to the transaction. In cases involving allegations of fraud, the state in which the plaintiff allegedly relied on the fraud should have the most significant relationship to the transaction. *See e.g. Agostino*, 256 F.R.D. at 461-62 (citing the *Restatement (Second) of Conflict of Law* § 148 for the proposition that "when the false representations are made and received in the only state where the plaintiff relied on these representations by taking action, the local law of this state determines the rights and liabilities of the parties unless, with respect to the particular issue, some other state has a more significant relationship to the occurrence and the parties.").

Plaintiff's claims are based solely on an alleged misrepresentation made in a collection lawsuit pending in the Court of Common Pleas of Bucks County, Pennsylvania. That alleged misrepresentation allegedly harmed Plaintiff, a Pennsylvania resident. On these facts, the NJCPA does not apply. *See Agostino*, 256 F.R.D. at 463 (noting that the law of the home state of individuals who received bills and dunning demands would govern as opposed to the law of New Jersey where the defendant was located and from where the alleged illegal billing practices emanated); *Nirmul v. BMW of North America, LLC*, 2011 U.S. Dist. LEXIS 125301, at *14-15 (D.N.J. 2011) ("[Plaintiffs] both purchased their vehicles outside of New Jersey, as such, keeping consistent with *Cooper*, they are not entitled to sue under the NJCFA because the transactions in question regarding their vehicles bear no relationship to New Jersey except for the fact that BMW is headquartered in New Jersey.").

## IV. CONCLUSION

For the foregoing reasons, Defendants Capital One Bank (USA), N.A. and Capital One Services, LLC, respectfully request that all claims asserted against them in the complaint be dismissed.

                                                             Respectfully submitted,

Dated: December 13, 2012                 /s/ Kevin Batik
                                                      Kevin S. Batik
                                                      McGuireWoods LLP
                                                      625 Liberty Avenue, 23rd Floor
                                                      Pittsburgh, Pennsylvania 15222
                                                      (412) 667-6000
                                                      Attorney for Defendants Capital One Bank
                                                      (USA), N.A. and Capital One Services, LLC

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the foregoing document has been served upon the following counsel of record via notice delivered by the Court's ECF System on this 13th day of December 2012:

Stuart A. Eisenberg
McCullough Eisenberg, LLC
65 West Street Road, A-105
Warminster, PA 18974

Andrew M. Schwartz, Esq.
Marshall Dennehey Warner Coleman & Goggin, P.C.
2000 Market Street
Philadelphia, PA 19103-4797

/s/ Kevin Batik